George M. Fanelli, J.
In this action for a judicial separation based upon abandonment and failure to support, defendant husband moves: (1) to dismiss the complaint under paragraph 8 of subdivision (a) of 3211 Civil Practice Law and Buies upon the ground that the court does not have jurisdiction of the person of the defendant since the method of service employed by plaintiff is service by publication and service could have been made -by other methods prescribed by law with due diligence; (2) to dismiss the complaint under paragraph 9 of subdivision *946 (a) of 3211 Civil Practice Law and Rules upon the ground that service was purported to be made pursuant to 315 Civil Practice Law and Rules, and the court does not have jurisdiction, since the method of service employed by plaintiff is service by publication and service could have been made by other methods prescribed by law with due diligence, and that plaintiff is not a bona fide resident of the County of Westchester, or the -State of New York; (3) to vacate an order of sequestration pursuant to 5015 Civil Practice Law and Rules upon the ground that it was obtained through fraud and misrepresentation including the assertion that process could not be personally served upon defendant and upon the ground that the court lacked jurisdiction to render said order; and (4) to stay all further proceedings pursuant to 2201 Civil Practice Law and Rules during the pendency of any hearing which might be ordered by this court.
The motion is in all respects denied.
There is no dispute about the fact that the parties were married in the County of Westchester and State of New York. Subdivision 2 of section 230 of the Domestic Relations Law provides that a separation action may be maintained in this court 1 ‘ Where the parties were married within the state and either the plaintiff or the defendant is a resident thereof when the action is commenced ” (emphasis supplied). Concededly, defendant was not a resident of the State when the action was commenced. However, this court holds that for jurisdictional purposes plaintiff was a resident of this State when the action was commenced, at least prima facie. Section 231 of the Domestic Relations Law (formerly Civ. Prac. Act, § 1166) provides that “If a married woman dwells within the state when she commences an action against her husband for * * * separation, she is deemed a resident thereof, although her husband resides elsewhere” (emphasis supplied). Here, the papers indicate, and defendant does not controvert the fact, that when this action was commenced plaintiff “ dwelled ” with her sister and brother-in-law in the Village of Larchmont, New York. The authorities cited by defendant in his memorandum of law are inapplicable to the factual situation presented in the ease at bar. While it is true that residence, as used in section 230 of the Domestic Relations Law (formerly Civ. Prac Act, § 1165-a) generally means domicile or permanent abode, nevertheless, plaintiff wife may maintain this action, even though she may not be domiciled in this State (as urged by defendant) if it affirmatively appears that she was actually dwelling here at the time the action was commenced (cf. Taubenfeld v. Taubenfeld, 276 App. Div. 873; Domestic Relations Law, § 231).
*947 Defendant’s attack upon the service of process upon him by publication and the entry of the order of sequestration are without merit. There has been a fatal failure of any proof in the moving papers to indicate that any fraud or misrepresentation was practiced upon Mr. Justice McCullough when plaintiff obtained such order of publication and sequestration. Apparently, Mr. Justice McCullough was satisfied from the papers submitted to him on October 17, 1963 that defendant was not then ‘ ‘ within the state ’ ’ or that he could ‘1 not be found therein ’ ’ so that process could be personally served upon him. Consequently, he was, pursuant to the provisions of section 233 of the Domestic Relations Law, authorized to make an order sequestering defendant’s property located within the State of New York. It is interesting to note that from October 1,1963 (date plaintiff entered the United States) until October 17, 1963 (date of Mr. Justice McCullough’s order) defendant was continuously traveling all over the United States, and, according to plaintiff, during this 17-day period defendant was in Attelboro, Mass.; New York City; Richmond, Virginia; Harrisburg, Pa.; and finally back to Attelboro, Mass. With such an itinerary and with no personal knowledge on the part of plaintiff where the defendant would be from day to day, it is quite understandable that Mr. Justice McCullough felt that he was warranted in making his order of October 17, 1963. Defendant’s argument that plaintiff could have, through the exercise of due diligence, personally served defendant either in New York City or Attelboro, Mass., between October 1 and October 17, 1963 with the slightest effort, cannot be sustained, particularly bearing in mind that there is no proof in the papers that plaintiff knew in advance that defendant would be staying at the Commodore Hotel in New York City on October 9 and 10, or that he would be in Attelboro, Mass., from October 17 through 21. For plaintiff to have asked defendant where and when he would be at a particular time so that he could be personally served with a copy of a summons and complaint in a separation action (as urged by defendant (is highly unrealistic, and would cast upon the plaintiff wife a burden which the law does not envision. Mr. Justice McCullough was satisfied that plaintiff had made “ due diligence ” before seeking the order of publication, and, under the circumstances, this court will not interfere with the exercise of his judicial discretion. The stark fact remains that despite the method of service objected to by him, the defendant did receive actual notice of the pending action and he has offered no claim or proof of any prejudice on his part as the result thereof.
*948 In the light of the afore-mentioned, the court is of the opinion that there is no need for a preliminary hearing. An order can he settled on notice accordingly, providing for the service of defendant’s responsive pleading, in such form as he may be advised, within 10 days after the service of a copy of the order to be entered hereon with notice of entry thereof.