Louis B. Heller, J.
Defendant husband in this separation action moves to dismiss the complaint upon the grounds set out in CPLR 3211 (subd. [a], par. 2) and section 230 of the Domestic Relations Law, claiming that the court has not jurisdiction of the subject matter of the cause of action or of the person of the defendant. The record discloses that the parties to this proceeding were married in the Borough of Brooklyn, City and State of New York on June 23, 19G3. There is one issue of the marriage, a boy, born on February 11,1964. That after the marriage, the parties took up residence outside the State of New York. During the year 1966, they resided in Philadelphia, Pennsylvania. In December of that year, the defendant left the plaintiff and the infant issue in the apartment they had occupied in Pennsylvania and went to live in the State of Louisiana where he now resides.
The defendant on moving to Louisiana refused and/or neglected to make any arrangements for his wife and child to accompany him and has failed to adequately provide for their support and maintenance. That in April of 1967, the plaintiff wife became ill and on being advised by defendant that he had no accommodations for her in Louisiana and that he did not know Avhether or not he wanted to live with her, plaintiff moved to her parents’ home in Brooklyn, New York, where she has continued to reside up to and including the present time.
In view of the affidavit of personal service on file and defendant’s concession that he is not raising the question of the manner and sufficiency of said service at this time, we need consider only that portion of the motion as challenges the court’s jurisdiction of the subject matter. In considering this aspect of *176 the motion, it is noted that defendant offers no argument in support of his contention that the court lacks jurisdiction other than his claim that neither he nor his wife resided in this State for a period of one year prior to the commencement of this action, a requirement made necessary by section 230 of the Domestic Relations Law. Defendant’s reliance on this provision of the Domestic Relations Law as it now reads is misplaced since this provision did not become effective until September of 1967 when the law was amended so as to include the one-year residentiary requirement. Prior to that time and at the commencement of this action, the law required only that a party to a marriage consummated in this State be a resident hereof when the action was commenced. It follows, that personal service having been effected in this State in August, 1967, and prior to the amendment effective September 1, 1967, that this court has jurisdiction of the subject matter. Defendant is apparently cognizant of this fact since he would have the court believe that the plaintiff has not or did not establish such a residence in this State as would have enabled her to institute this action under section 230 of the Domestic Relations Law as it existed when service of process was effected. This is on his part a strictly conclusory allegation in no way substantiated by the undisputed facts set forth in the record. Where, as here, a wife has been abandoned by her husband and left to her own resources, she may acquire a separate domicile for all purposes, including divorce (“Castellani” v. “Castellani”, 176 Misc. 763, affd. sub nom. Capaldo v. Capaldo, 263 App. Div. 984, app. den. 264 App. Div. 755; see, also, 1 Foster-Freed, Law and The Family, § 5:15; and Ann. 39 A. L. R. 712), and if a married woman dwells within the State when she commences an action against her husband for divorce, annulment or separation, she is deemed a resident thereof although her husband resides elsewhere. (Domestic Relations Law, § 231.) If it affirmatively appears that she was actually dwelling in this State at the time the action was commenced, she may maintain this action for judicial separation (Boessenkool v. Boessenkool, 42 Misc 2d 945).
Accordingly, the motion is denied.